**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | |
|---|---|
| STATE OF DELAWARE, *ex rel.* KATHLEEN JENNINGS, Attorney General of the State of Delaware | ) ) ) ) |
| Plaintiff, | ) C.A. No. N20C-09-097 MMJ CCLD ) |
| BP AMERICA., BP P.L.C., CHEVRON CORPORATION, CHEVRON U.S.A. INC., CONOCOPHILLIPS, CONOCOPHILLIPS COMPANY, PHILLIPS 66, PHILLIPS 66 COMPANY, EXXON MOBIL CORPORATION EXXONMOBIL OIL CORPORATION, XTO ENERGY INC., HESS CORPORATION, MARATHON OIL CORPORATION, MARATHON OIL COMPANY, MARATHON PETROLEUM CORPORATION, MARATHON PETROLEUM COMPANY, LP SPEEDWAY LLC, MURPHY OIL CORPORATION, MURPHY USA INC., ROYAL DUTCH SHELL PLC, SHELL OIL COMPANY, CITGO PETROLEUM CORPORATION, TOTAL S.A., TOTAL SPECIALITIES USA INC., OCCIDENTAL PETROLEUM CORPORATION, DEVON ENERY CORPORATION, APACHE CORPORATION, CNX RESOURCES CORPORATION, CONSOL ENERGY INC., OVINTIV, INC., and AMERICAN PETROLEUM INSTITUTE, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

1

Submitted: February 12, 2024
Decided:  February 14, 2024

Upon The State of Delaware's Application for
Certification of Interlocutory Appeal
**DENIED**

Upon Defendants' Conditional Cross-Application for
Certification of Interlocutory Appeal
**DENIED**

## ORDER

(1) The State of Delaware has moved for an order certifying an interlocutory appeal to the Delaware Supreme Court. The determination of whether to certify an interlocutory appeal lies within the discretion of the Court and is analyzed under the criteria set forth in Supreme Court Rule 42(b).  Rule 42(b)(i) states: "No interlocutory appeal will be certified by the trial court or accepted by this Court unless the order of the trial court decides a substantial issue of material importance that merits appellate review before final judgment."  Rule 42(b)(ii) admonishes: "Interlocutory appeals should be exceptional, not routine, because they disrupt the normal procession of litigation, cause delay, and can threaten to exhaust scarce party and judicial resources.  Therefore, parties should only ask for the right to seek interlocutory review if they believe in good faith that there are substantial benefits that will outweigh the certain costs that accompany an interlocutory appeal."

2

(2) Assuming that the gating requirement of Rule 42(b)(i) has been satisfied, an application also must meet one or more of the eight factors set forth in Rule 42(b)(iii). Rule 42(b)(iii) counsels: "After considering these factors and its own assessment of the most efficient and just schedule to resolve the case, the trial court should identify whether and why the likely benefits of interlocutory review outweigh the probable costs, such that interlocutory review is in the interests of justice. If the balance is uncertain, the trial court should refuse to certify the interlocutory appeal."

(3) In this action, the State seeks to hold major fossil fuel companies and a trade association liable for deceiving consumers and the public about climate change impacts resulting from the use of fossil fuels. The State alleges: negligent failure to warn, trespass, common law nuisance, and violations of the Delaware Consumer Fraud Act.

(4) By Opinion dated January 9, 2024 ("Opinion"), this Court made the following findings.

> This Court finds that claims in this case seeking damages for injuries resulting from out-of-state or global greenhouse emissions and interstate pollution, are pre-empted by the CAA. Thus, these claims are beyond the limits of Delaware common law.
>
> This Court finds that the CAA does not pre-empt state law regulation of alleged claims and damages resulting from air pollution originating from sources in Delaware. Air pollution prevention and control at the

3

source is the primary responsibility of state and local governments.

This Court finds that the political question doctrine rarely, if ever, is applied to justify judicial abstention in Delaware. The Court finds that there is no reason to apply the doctrine in this case. Delaware courts have considered similar cases in the environmental context, or involving public nuisance product claims, without deferring on the basis of a nonjusticiable political question.

This Court finds that *Monsanto* controls. At this stage in the proceedings, the State has stated a general claim for environmental-based public nuisance and trespass for land the State owns directly, but not for land the State holds in public trust. Control of the product at the time of alleged nuisance or trespass is not an element of a nuisance claim. The State is alleging environmental harms causing damage to the public. However, unlike contamination of land and water in *Monsanto*, damages caused by air pollution limited to State-owned property may be difficult to isolate and measure. Nevertheless, that is an issue to be addressed at a later stage of the case. This should not be a reason to grant dismissal of nuisance and trespass claims at this time.

This Court finds that the State has failed to specifically identify alleged misrepresentations for each individual defendant. All claims alleging misrepresentations, including "greenwashing", must be dismissed, with leave to amend with particularity, pursuant to Rule 9(b).

The Court finds that the State has stated a claim for failure to warn. The State has alleged that Defendants knew that their products were endangering the environment, and harming their consumers and the State of Delaware (a valid bystander). However, the question of

4

whether the danger was open and obvious is not appropriate for resolution at the dismissal stage.

This Court finds that the DCFA claims are barred by the five-year statute of limitations. Tolling does not apply.

The Court finds that there must be a connection between Delaware-specific conduct and the alleged harm. There is no need to prove geo-located causation.[1] However, there must be a relationship between Delaware activities and the cause of action and alleged damages. Advertising, selling products, operating gas stations, and/or operating a refinery in Delaware are connections sufficient to survive dismissal. The State has alleged relationships for the six moving Defendants, sufficient to demonstrate specific personal jurisdiction. [2]

This Court declines to resolve the Anti-SLAPP issue at this time based on a limited record. Thus, there is no basis for awarding attorneys' fees to API.

This Court finds that there is a difference between misrepresentation and puffery. The issue of commercial speech, as opposed to misleading statements, involves a fact-intensive analysis. It is inappropriate for resolution on this motion to dismiss.

This Court finds that TotalEnergies must be dismissed for failure to be served with process.

**THEREFORE**, Defendants' Joint Motion to Dismiss Plaintiff's Complaint for Failure to State a Claim is hereby **GRANTED IN PART AND DENIED IN PART**.

---

[1] *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017, 1026 (2021).
[2] *See City and County of Honolulu v. Sunoco LP*, 2023 WL 7151875, at *16 (Haw.).

Certain Defendants' Motion to Dismiss for Lack of Personal Jurisdiction is hereby **DENIED**.

BP Defendants' Motion to Dismiss the Complaint for Failure to State a Claim Based Upon Misrepresentation is hereby **GRANTED, WITH LEAVE TO AMEND WITH PARTICULARITY**.

Marathon Defendants' Motion to Dismiss for Failure to State a Claim Sounding in Fraud is hereby **GRANTED, WITH LEAVE TO AMEND WITH PARTICULARITY**.

American Petroleum Institute's Individual Merits Motion to Dismiss is hereby **GRANTED IN PART AND DENIED IN PART**.

Hess Corporation's Supplemental Motion to Partially Dismiss for Failure to State a Claim on Statute of Limitations Ground (DCFA) is hereby **GRANTED**.

TotalEnergies SE's Motion to Dismiss for Lack of Personal Jurisdiction and Insufficient Service of Process is hereby **GRANTED ON THE BASIS OF INSUFFICIENT SERVICE OF PROCESS**.

Apache Corporation's Motion to Dismiss for Failure to State a Claim is hereby **GRANTED IN PART AND DENIED IN PART**.

CITGO Petroleum Corporation and Murphy USA Inc.'s Joint Motion to Dismiss for Failure to State a Claim is hereby **GRANTED IN PART WITH LEAVE TO AMEND WITH PARTICULARITY, DENIED AS TO DUTY TO WARN**.

CNX Resources Corporation's Motion to Dismiss for Failure to State a Claim Based Upon Misrepresentation

is hereby **GRANTED IN PART WITH LEAVE TO AMEND WITH PARTICULARITY, DENIED AS TO DUTY TO WARN**.

Marathon Oil Corporation's Motion to Dismiss is hereby **GRANTED IN PART AND DENIED IN PART**. CONSOL Energy Inc.'s Motion to Dismiss for Failure to State a Claim is hereby **GRANTED IN PART WITH LEAVE TO AMEND WITH PARTICULARITY, DENIED AS TO DUTY TO WARN**.

Chevron Defendants' Anti-SLAPP Special Motion to Dismiss is hereby **DENIED**.

American Petroleum Institute's Motion to Strike and/or Dismiss the Complaint Under the District of Columbia's Anti-SLAPP Statute is hereby **DENIED**.[3]

(5) Certain Defendants moved for reargument.  The Court issued an Order dated February 12, 2024, denying the motions. Application for interlocutory appeal was not ripe for consideration before resolution of the motions for reargument.

(6)  The State argues that interlocutory appeal pursuant to Supreme Court Rule 42(b) is justified because the Opinion: decided a substantial issue of material importance; involves important questions of first impression; and conflicts with decisions rendered by other trial courts in Delaware.  Further, the State contends that interlocutory review would serve considerations of justice and would advance judicial economy.

---

[3] *State ex rel. Jennings v. BP America Inc., et al.*, 2024 WL 98888, at *24-25 (Del. Super.).

7

(7) Specifically, the State asserts that five substantial issues of material importance warrant interlocutory review:

> 1. Whether the federal Clean Air Act ("CAA") preempts the State's claims insofar as they seek relief for harms involving out-of-state emissions;
>
> 2. Whether *State ex rel. Jennings v. Monsanto Co.*, 299 A.3d 372 (Del. 2023), limits the State's public nuisance claim to harms to State-owned lands;
>
> 3. Whether the statute of limitations bars the State's claims for violations of the DCFA;
>
> 4. Whether Superior Court Civil Rule 9(b) requires dismissal of all claims alleging misrepresentations by Defendants; and
>
> 5. Whether the claims against TotalEnergies SE should be dismissed for insufficient service of process.

(8) The State also argues that the Opinion decided important questions of first impression regarding the preemptive scope of the CAA. The Opinion purportedly is in conflict with a recent decision of the Supreme Court of Hawai'i.

(9) The State contends that the Opinion conflicts with other Delaware case law by applying the Rule 9(b) particularity requirement to all misrepresentation claims, including the Delaware Consumer Fraud Act claims.

8

(10) Finally, the State asserts that unless the Opinion is reversed on interlocutory appeal, the parties will need to ultimately re-do all stages of litigation, including discovery, motion practice, expert opinions and trial.

(11) Defendants oppose certification of the interlocutory appeal. With regard to the CAA, Defendants argue that although the Opinion is the first time a Delaware court has ruled on the issue, the Court relied on established federal precedent supporting preemption. With regard to application of the recent Delaware Supreme Court *Monsanto* decision, interlocutory review is not warranted simply because a trial court applies a Supreme Court ruling for the first time. As to Rule 9(b), Defendants point out that it is well-settled that allegations of fraud must be pled with particularity. In any event, the misrepresentation claims were dismissed without prejudice, subject to rejuvenation through amendment. Finally, the parties fully briefed the dismissal based on failure of service and the implicit good cause issue.

(12) Defendants alternatively move that should the Court certify the CAA issue for interlocutory review, Defendants' conditional cross-appeal should be granted. The specific question would be whether the State's claims seeking relief for harms allegedly arising from interstate and international emissions are precluded and preempted by federal law. The purpose would be to present all potentially case-dispositive CAA issues.

(13) The Court finds that the Opinion determines a substantial issues of material importance.[4] However, the likely benefits of interlocutory review do not outweigh the inefficiency, disruption, and probable costs. Thus, interlocutory review will not serve the interests of justice.

(14) Reliance on well-established federal precedent, or application of a recent Delaware Supreme Court decision, are not the type of questions of law resolved for the first time in Delaware that warrant interlocutory appeal as a matter of right. The Court finds that the Opinion does not conflict with the decisions of other Delaware trial courts. Interlocutory appeal clearly will not terminate the litigation.

**THEREFORE,** the State has failed to demonstrate that any of the eight criteria set forth in Delaware Supreme Court Rule 42(b)(iii) require that the Court exercise its discretion to certify interlocutory appeal. The State of Delaware's Application for Certification of Interlocutory Appeal is hereby **DENIED.** Defendants' Conditional Cross-Application for Certification of Interlocutory Appeal is hereby **DENIED.**

**IT IS SO ORDERED.**

*/s/ Mary M. Johnston*
The Honorable Mary M. Johnston

---

[4] Supr. Ct. R. 42(b).

10